IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS LOPES,<br>　　　　Plaintiff,<br>　　v.<br>KEVIN DELEON, et al.,<br>　　　　Defendants. | Case No. 20-cv-07758-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　Pro se Plaintiff Cornelius Lopes, who is suing numerous Defendants, filed a 455-page amended complaint on March 25, 2021. On April 21, 2021, Defendant Acting Attorney General of California Matthew Rodriguez moved to dismiss the amended complaint. See Mot. to Dismiss (dkt. 11). Rodriguez argues that the amended complaint consists of "verbose and unintelligible statements, which prevent the [Defendant] from deciphering the factual and legal basis for any claim asserted against each Defendant." Id. at 5. Rodriguez thus moved to dismiss the amended complaint under Rule 8 of the Federal Rules of Civil Procedure. Id. (citing Fed. R. Civ. P. 8(a)(2), (d); Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011)). As reflected on the docket entry for the motion to dismiss, Lopes's opposition was due on May 5, 2021. See N.D. Cal. Civil L.R. 7-3(a). To date, Lopes has not filed an opposition.

　　The Court grants Rodriguez's motion to dismiss. The amended complaint is "confusing, distracting, ambiguous, and unintelligible" and thus violates Rule 8(a) of the Federal Rules of Civil Procedure. Cafasso, 637 F.3d at 1059 (quotation omitted). District courts "are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations." Id. And because Lopes has failed to timely file an opposition to the motion to dismiss, he has given the Court no basis to conclude otherwise, if such a basis

exists.

Lopes may move for leave to amend his complaint. But although the Court generally "should freely grant leave to amend," id. at 1058, the Court will deny leave to amend if the proposed second amended complaint is once again extraordinarily prolix, such that "[o]nly through superhuman patience, effort, and insight, could any attorney review the allegations . . . and make paragraph-by-paragraph responses." Id. at 1059 (quotation omitted).

**IT IS SO ORDERED.**

Dated: May 14, 2021



CHARLES R. BREYER
United States District Judge