IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS LOPES,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN DELEON, et al.,<br><br>  Defendants. | Case No. 20-cv-07758-CRB<br><br>**ORDER GRANTING LEAVE TO AMEND AND DISMISSING AMENDED COMPLAINT** |

Pro se plaintiff Cornelius Lopes, who is suing numerous Defendants, filed a 455-page amended complaint on March 25, 2021. See First Amended Complaint (FAC) (dkt. 9). On April 21, 2021, Defendant Acting Attorney General of California Matthew Rodriguez moved to dismiss the amended complaint. See Mot. to Dismiss (dkt. 11). The Court granted the motion to dismiss and stated that Lopes could move for leave to amend, but noted that the Court would "deny leave to amend if the proposed second amended complaint is once again extraordinarily prolix, such that 'only through superhuman patience, effort, and insight, could any attorney review the allegations and make paragraph-by-paragraph responses." See Order Granting Mot. to Dismiss (dkt. 21) at 2 (citing Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011)) (cleaned up). Without moving for leave to amend, Lopes filed a 58-page another amended complaint, which Lopes refers to as his third amended complaint.[1] See Third Amended Compl. (TAC) (dkt. 22); TAC and Supplemental Filing (dkt. 23).

Defendant Attorney General Rob Bonta now moves to strike the third amended

---

[1] Lopes titled his complaint "Third Amended Complaint," even though a second amended complaint was never filed.

complaint for failure to request leave to amend and failure to include a short and plain statement of the claim under Rule 8 of the Federal rules of Civil Procedure. See Mot. to Dismiss TAC (dkt. 24) at 5, 6.[2]

The Court construes Lopes's third amended complaint as including a request for leave to file the third amended complaint. And the Court denies that request. Lopes's third amended complaint is again so "verbose, confused, and redundant that its true substance, if any, is well disguised." Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969) (quoting Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965)). When dismissing Lopes's First Amended Complaint, the Court warned Lopes that the Court would not grant Lopes leave to amend if his proposed amended complaint was so difficult to understand. See Order Granting Mot. to Dismiss at 2. Therefore, the Court denies leave to amend and grants the Attorney General's motion to strike the third amended complaint. Because the Court dismissed Lopes's First Amended Complaint and now denies Lopes's request for leave to amend, the Court will enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

Dated: August 6, 2021



CHARLES R. BREYER
United States District Judge

---

[2] Lopes did not timely file an opposition to the government's motion. In any event, given the deficiencies in Lopes's proposed complaint, the Court is confident that no opposition could have persuaded the Court to grant Lopes leave to amend.